# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TYRONE STALLINGS,<br><br>                       Plaintiff,<br><br>v.<br><br>JUAN DURAN, MICHAEL R. CABALLERO, JOHN ADAMSON, LAURA CAPTAIN, EDWARD A. FLYNN, JOHN/JANE DOE, WILLIAM LEVINS, and LAURA CRIVELLO,<br><br>                       Defendants. | Case No. 22-CV-1330-JPS<br><br><br>**ORDER** |

Plaintiff Tyrone Stallings, an inmate confined at Redgranite Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his Fourth Amendment rights by falsely arresting him. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1. **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 22, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $12.97. ECF No. 8. Plaintiff paid that fee on January 9, 2023. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. The Court will deny Plaintiff's motions, ECF Nos. 3, 9, to pay the remainder of the filing fee using his release account. *See Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so). Plaintiff must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim

for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that, on May 19, 2014, Defendant Juan Duran used false information to obtain a no-knock search warrant. ECF No. 1 at 1. On May 20, 2014, Plaintiff left his home to take items to the Miller Compressing Company ("Miller"). *Id.* at 3. Defendant Laura Captain approached Plaintiff at Miller and told him that dispatch had contacted her to stop his vehicle. *Id.* Ten to 15 minutes later, an unmarked squad car approached, and Plaintiff was removed from his vehicle and placed under arrest. *Id.* Later, the no-knock search warrant was executed at Plaintiff's home. *Id.* Plaintiff was already in custody. *Id.* Plaintiff alleges that Defendants William Levins and Laura Crivello, Assistant District Attorneys, knew that probable cause was not established for the warrant or Plaintiff's arrest, which Plaintiff alleges amounts to a conspiracy against him. *Id.*

A criminal complaint was filed against Plaintiff on May 23, 2014. *See State v. Stallings*, 2014CF002164 (Milwaukee Cnty. Cir. Ct. May 23, 2014), *available at* https://wcca.wicourts.gov (last visited Apr. 12, 2023). A court appearance was held the same day, during which Plaintiff was in custody. *Id.* Plaintiff remained in custody through trial. *Id.* Plaintiff is still in custody related to these events. *See* Offender Locator Public, *available at* https://appsdoc.wi.gov/lop/welcome (last visited Apr. 12, 2023).

### 2.3 Analysis

Plaintiff's claim is "indisputably time barred." *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016). "The statute of limitations for a false-arrest claim beings to run at the time the claimant becomes detained pursuant to legal process, meaning when the claimant is bound over for trial." *Id.* (internal citations omitted). Therefore, the statute of limitations began to run in this case on May 23, 2014, which is when Plaintiff was brought before a judge following his arrest. *Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017).

The statute of limitations for Section 1983 cases "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). On May 23, 2014, the Wisconsin statute of limitations for personal injury torts was six years. Wis. Stat. Ann. § 893.53 (West) (effective through Apr. 4, 2018). Therefore, Plaintiff had until May 23, 2020 to file this suit before running into a statute of limitations issue. Plaintiff filed this suit on November 8, 2022.

As in *Cannon*, "[n]othing in . . . the complaint reveals circumstances of the arrest[] or of the charging and bail procedures that [Plaintiff] would not have known at the time." 850 F.3d at 306. "Nor can he use a theory of a continuing civil conspiracy to recover for individual overt acts that would

themselves be time-barred." *Id.* (internal citations omitted). As is the case here, "when a complaint reveals that the action is untimely, the court can dismiss it." *Id.* Indeed, even where a claim is dismissed on the basis of only the complaint, and thus "anticipates" the statute of limitations defense, the dismissal is proper when the complaint "plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). In *Cannon*, the Seventh Circuit (relying on *Lewis*), affirmed the dismissal of a complaint as time barred at screening. 850 F.3d at 304. The same is the Court's conclusion here.

### 3. CONCLUSION

In sum, Plaintiff's complaint is indisputably time barred. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015); *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015)). The Court will accordingly dismiss this case, with prejudice, for the failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to pay the filing fee using his release account, ECF Nos. 3, 9, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $337.03 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.