# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TYRONE STALLINGS,

          Plaintiff,

v.

JUAN DURAN, MICHAEL R. CABALLERO, JOHN ADAMSON, LAURA CAPTAIN, EDWARD A. FLYNN, JOHN/JANE DOE, WILLIAM LEVINS, and LAURA CRIVELLO,

          Defendants.

Case No. 22-CV-1330-JPS

**ORDER**

On April 14, 2023, the Court dismissed Plaintiff's complaint under 42 U.S.C. § 1983 with prejudice as "indisputably time barred." ECF No. 10 at 4 (quoting *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016)). Plaintiff's complaint alleged one claim for false arrest. ECF No. 1. In holding that the suit was time-barred, the Court noted that the applicable six-year statute of limitations for Plaintiff's false arrest claim expired on May 23, 2020; Plaintiff did not file his suit until November 8, 2022. *Id.* The Court additionally held that "[n]othing in . . . the complaint reveals circumstances of the arrest[] or of the charging and bail procedures that [Plaintiff] would not have known at the time," such that the lateness could be excused. *Id.* (citing *Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017)). Additionally, "[n]or [could] [Plaintiff] use a theory of a continuing civil conspiracy to recover for individual overt acts that would themselves be time-barred." *Id.* at 4–5

(citing *Cannon*, 850 F.3d at 306). The Court entered judgment accordingly. ECF No. 11.

Now before the Court is Plaintiff's motion for reconsideration of the Court's April 14, 2023 order. ECF No. 12. Plaintiff states that he believed the statute of limitations on his § 1983 case was tolled during the time that his state criminal appeal was stayed. *Id.* at 1. The state criminal appeal to which Plaintiff refers is of the underlying conviction for which he alleges he was falsely arrested in the instant case. *Id.* Plaintiff also seeks to amend his complaint and remove his conspiracy allegations. *Id.* at 2–3. Plaintiff attaches documents showing that the appeal of his state criminal judgment of conviction was stayed from January 18, 2019 through, at the latest, April 13, 2021. *Id.* at 7, 12.[1]

State law supplies the applicable tolling rules. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). The Court has not located any on-point Wisconsin statute, or any case applying Wisconsin's general tolling statute (Wis. Stat. § 893.13) in "even remotely comparable circumstances." *Id.* As to equitable tolling, "Wisconsin case law on equitable tolling is sparse, but it is clear that . . . tolling is available only when the plaintiff's failure to meet a filing deadline is out of the plaintiff's control or occurred despite the plaintiff's due diligence." *Neal v. Daniels*, No. 18-CV-697-JPS, 2018 WL 3747849, at *5 (E.D. Wis. Aug. 7, 2018). Plaintiff alleges neither here. Mistakes of law are not outside a plaintiff's control such that they are a basis for equitable tolling. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004); *State ex rel.*

---

[1] *See also State v. Stallings*, No. 2018AP000982, *available at* https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2018AP000982&cacheId=86EDC257BD65EB2678F53705D02E70BB&recordCount=1&offset=0&linkOnlyToForm=false&sortDirection=DESC (last visited Apr. 27, 2023).

*Griffin v. Smith*, 677 N.W.2d 259, ¶ 37 (Wis. 2004); *see also Bey v. Hamblin*, No. 17-CV-784-JDP, 2018 WL 3075834, at *2 (W.D. Wis. June 21, 2018) (distinguishing Wisconsin cases applying equitable tolling from those that do not). Even if they were, Plaintiff waited another 19 months after the stay was lifted to file his suit, "an unreasonable delay in this case." *Brown v. Unknown Party*, No. 22-3128, 2023 WL 2818004, at *1 (7th Cir. Apr. 7, 2023).

Fundamentally, the U.S. Supreme Court is clear that a § 1983 claim is not tolled during the state court pendency of the issues underlying that claim. *Wallace*, 539 U.S. at 396 (rejecting argument that "equitable tolling should apply so long as the issues that a § 1983 claim would raise are being pursued in state court") (internal citations and quotations omitted). Because that is what Plaintiff asks the Court to do, and because no Wisconsin statute or case otherwise applies, Plaintiff's motion for reconsideration will be denied.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, ECF No. 12, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[2] Plaintiff also has a 28 U.S.C. § 2254 petition currently pending before the Court related to the same underlying state criminal case. *Stallings v. Cromwell*, No. 22-CV-161-JPS (Feb. 9, 2022). Plaintiff may be confusing tolling rules applicable to § 2254 petitions with those applicable to § 1983 actions.

Page 3 of 3
Case 2:22-cv-01330-JPS   Filed 04/28/23   Page 3 of 3   Document 13